UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DARRELL NEWTON,

Petitioner,

6:13-cv-00994-CL

v.

REPORT AND RECOMMENDATION

ERIC D. WILSON, and
ELLEN ROSENBLUM

Respondents.

CLARKE, Magistrate Judge.

Petitioner filed an amended petition under 28 U.S.C. § 2254 challenging his July 17, 2000, convictions for Sexual Abuse in the First Degree and Attempted Sodomy in the Second Degree. Amended Petition (#22).

Respondent now moves to deny the petition and dismiss this proceeding on the grounds that petitioner is not in custody for purposes of a § 2254 challenge to his convictions

and because petitioner did not file his petition within the limitations period set forth in 28 U.S.C. § 2244(d). Response (#31).

A petition or motion for habeas corpus relief must be filed by a person who is "in custody" at the time of filing. See, 28 U.S.C. §§ 2241(c), 2254(a), 2255.; see also, Chacon v. Wood, 36 F.3rd 1459, 1462 (9th Cir. 1994) (habeas corpus petition not moot based solely on petitioner's subsequent release from custody). The custody requirement is satisfied if an un-incarcerated petitioner is subject to restraints not shared by the public generally. See, Hensley v. Municipal Court, 411 U.S. 345, 351 (1973) (release prior to service of sentence); Jones v. Cunningham, 371 U.S. 236, 242-43 (1963) (release on parole).

An expired or completely served sentence does not meet the in custody requirement, even if that sentence could subsequently be used to enhance a future sentence, unless the petitioner is serving the second of consecutive sentences. See, Garlotte v. Fordice, 115 S.Ct. 1948, 1952 (1995) (consecutive sentences); Malenge v. Cook, 490 U.S. 488, 491-92 (1989)(per curiam) (basis for later enhancement).

The record reflects that on June 17, 2012, the Oregon Board of Parole and Post Prison Supervision issued a "Certificate of Supervision Expiration," stating that

petitioner had "completed the period of post-prison supervision imposed" pursuant to the sentence he is challenging in this proceeding. Exhibit 101.

Petitioner acknowledges that his sentence has expired but relies on a narrow exception to the general "in custody" rule set forth in Lackawanna County District Attorney v. Coss, 532 U.S. 394, 404 (2001). In *Lackawanna* the Supreme Court held that when an otherwise qualified § 2254 petitioner can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, habeas corpus relief may be appropriate.

Petitioner has not established that he is serving a sentence that was calculated based on the convictions he is challenging in this proceeding. Moreover, petitioner has acknowledged that he was represented by counsel when the convictions at issue were obtained. On page 4 of his amended petition, petitioner alleges that his "trial counsel" was ineffective.

In addition, to the extent that petitioner is challenging a sentence imposed pursuant to a federal conviction, he may not do so under § 2254 which provides relief for inmates in custody "pursuant to a judgment of a State court." 28 U.S.C § 2254.

Assuming *arguendo* that petitioner could establish that he is in custody for purposes of challenging his July 17, 2000 convictions, his petition is time barred.

Under 28 U.S.C. § 2244(d), a one year statute of limitations applies to petitioner's habeas petition. The statute began to run on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). The time elapsed after finality and before collateral filing and the time after final collateral disposition and before federal filing count against the year. 28 U.S.C. § 2244(d)(2); Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999).

The judgment under attack in this proceeding was entered in July 2000. Exhibit 107. Petitioner had 30 days to seek direct review of his judgment of conviction, *see* ORS 19.255(1), but he did not take a direct appeal. Petitioner filed a "motion to set aside" his convictions on the grounds that he was not advised of his right to appeal.[1] Petitioner's motion was denied, Exhibit 108, and petitioner's appeal of that decision was dismissed *sua sponte* by the Oregon Court of Appeals. Exhibit 109. Petitioner did not file a petition for post-conviction relief, so he is not entitled to any statutory

---

[1]Respondent's Exhibit 106 is a Notice of Right to Appeal signed by petitioner.

tolling under § 2244(d)(2). Therefore, the one year statute of limitations began to run 30 days after his judgment became final in August 2000.

The original petition in this case was filed on June 13, 2014 - almost 13 years after his conviction became final and long after the expiration of the one year statute of limitations.

In Holland v. Florida, 130 S.Ct 2549, 2560 (2010) the United States Supreme Court determined "that 2244(d) is subject to equitable tolling in appropriate cases." The Court in *Holland* affirmed the principle that equitable tolling requires that a litigant "bear the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted); *see also* Holland, 130 S.Ct. At 2562. "At the very least, the prisoner must show that the extraordinary circumstances were the but-for and proximate cause of his untimeliness." Allen v. Lewis, 255 F3d 798, 801 (9th Cir. 2001). "If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstance began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore

did not prevent timely filing." Sptisyn v. Moore, 345 F.3d 796, 802 (9th Cir. 2003) (*quoting* Valverde v. Stinson, 224 F.3d 129, 134 (2nd Cir. 2000)).

The Ninth Circuit has held that "equitable tolling of AEDPA's one-year statute of limitations is available ... only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Espinoza-Matthew v. California, 432 F.3d 1021, 1026 (9th Cir. 2005) (citations omitted); *see also* Johnson v. Evans, 2007 U.S. Dist. LEXIS 3949 (E.D. Cal. Jan 18, 2007). Thus, equitable tolling is "unavailable in most cases." Miles v. Prutny, 187 F.3d 1104, 1107 (9th Cir. 1999). "[T]he threshold necessary to trigger tolling is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (citations omitted).

In this case, petitioner alleges that the statute of limitations should be equitably tolled because the state allegedly impeded his ability to file a direct appeal.

However, any impediments the state may have imposed on the filing of a direct appeal are irrelevant to plaintiff's ability to file a § 2254 habeas corpus proceeding. Petitioner has not demonstrated that extraordinary circumstances beyond his control prevented him from filing a § 2254 petition or that he has diligently pursued his claims in this proceeding

for the past 13 years.[2]

Based on all of the foregoing, petitioner's Amended Petition should be denied on the grounds that it is time barred. The Clerk of the Court should be directed to enter a judgment dismissing this proceeding.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

---

2 Moreover, because petitioner did not file a direct appeal or file a petition for post-conviction relief, he did not fairly present any claims to Oregon's highest court and any potential habeas claims are procedurally defaulted.

## *Certificate of Appealability*

***Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. <u>See</u>, 28 U.S.C. § 2253(c)(2).***

DATED this 30 day of October, 2014.

Mark D. Clarke
United States Magistrate Judge